**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**NORFOLK DIVISION**

**FAS-TES FRANCHISE SYSTEMS, LLC,**

***Plaintiff,***

v. Case No. 2:26-cv-961

**RAMSEY DIAGNOSTICS CORP., d/b/a LABB,**

***Defendant.***

**DEFENDANT RAMSEY DIAGNOSTICS CORP.'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION AND REQUST FOR EXPEDITED HEARING ON MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

Now comes Defendant Ramsey Diagnostics Corp. d/b/a Labb ("Labb"), by counsel, and files its Memorandum in Opposition to Plaintiff's Motion and Request for Expedited Hearing nn Motion for Temporary Restraining Order and Preliminary Injunction. Labb preserves all rights to file appropriate memoranda or other pleadings in response to Plaintiff's filings seeking a temporary restraining order and a preliminary injunction in accordance with the Federal Rules of Civil Procedure and this Court's Local Rules.

**ARGUMENT**

Plaintiff seeks to combine expedited proceedings for both the requested Temporary Restraining Order and the Motion for Preliminary Injunction. Plaintiff seeks the extraordinary relief of expedited pleadings on top of the extraordinary remedy of a temporary restraining order and preliminary injunction. Both a temporary restraining order and preliminary injunction constitute extraordinary remedies that may be awarded only upon a clear showing that the movant is entitled to such relief. *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 22 (2008). To obtain preliminary injunctive relief, the movant must establish: (1) that it is likely

to succeed on the merits, (2) that it is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in its favor, and (4) that an injunction is in the public interest. *Id.* at 20; *The Real Truth About Obama, Inc. v. FEC*, 575 F.3d 342, 346-47 (4th Cir. 2009) (vacated on other grounds, 559 U.S. 1089 (2010); reissued in relevant part, 607 F.3d 355 (4th Cir. 2010)). "[A] preliminary injunction can be granted only if every factor is met, {y]et denying a preliminary injunction only takes the rejection of a single factor." *AFT v. Bessent*, 152 F.4th 162, 169 (4th Cir. 2025) The court must also consider whether there is any other adequate remedy available to the Plaintiff. *Our Co. v. Eagle Snacks, Inc.*, 812 F. Supp. 6, 7 (D. Me. 1993) (analyzing temporary restraining order request finding "if money damages are adequate for the threatened loss, there is no irreparable harm to the plaintiff.")

The expedited proceedings are sought solely to facilitate extraordinary injunctive relief, and the Court should consider whether Plaintiff has made a threshold showing of urgency and irreparable harm before disrupting ordinary motion practice. *See* Fed. R. Civ. P. 65(b); E.D. Va. Local Civ. R. 7.

**I. Plaintiff has not set forth sufficient facts showing it is likely to succeed on the merits warranting expedited proceedings.**

Plaintiff asserted three causes of action, all of which are subject to a potential Rule 12(b)(6) motion to dismiss. The written agreements between the parties, which were attached to the Complaint, defeat the claims Plaintiff attempts to assert. Defendant's deadline to file such a motion, or other responsive pleading or motion, is not for another two weeks. It would be prejudicial to require Defendant to fully respond to and address all the deficiencies in the Complaint in a shorter time frame.

**II. Plaintiff has not demonstrated immediate and irreparable harm justifying expedited proceedings.**

The cornerstone of any request for emergency injunctive relief is a clear showing of imminent irreparable harm. *Winter*, 555 U.S. at 22. Mere injuries that can be accommodated by the availability of a claim for money damages are not an irreparable harm. *Klein v. PepsiCo, Inc.*, 845 F.2d 76, 80 (4th Cir. 1988). "'[T]he basis of injunctive relief in the federal courts has always been irreparable harm and inadequacy of legal remedies.'" *Direx Israel, Ltd. v. Breakthrough Med. Corp*., 952 F.2d 802, 812 (4th Cir. 1991) (quoting *Sampson v. Murray*, 415 U.S. 61, 88, 39 L. Ed. 2d 166 , 94 S. Ct. 937 (1974)).

Here, Plaintiff's motion identifies alleged price increases and operational impacts resulting from an ongoing commercial relationship. Those allegations concern economic injuries that are compensable through an award of money damages if Plaintiff ultimately prevails. Economic losses generally do not constitute irreparable harm because they can be remedied at the conclusion of litigation. See *Hughes Network Sys., Inc. v. InterDigital Commc'ns Corp.*, 17 F.3d 691, 694 (4th Cir. 1994) ("Mere injuries, however substantial, in terms of money, time and energy necessarily expended are not enough."); *Sampson*, 415 U.S. at 90.

In this case, Plaintiff has filed suit seeking damages in its claims for breach of contract and fraudulent inducement. Unsurprisingly, Defendant intends to seek substantial damages from Plaintiff for its breach of the agreements between the parties. Moreover, the original agreement between the parties contained limitations of warranties and remedies available to Plaintiff, limitations that were accepted by Plaintiff. (Doc. 1-2 § 3.) Plaintiff cannot rely upon vague allegations of increased prices, additional business expenses, or ordinary contractual disputes to establish the type of irreparable harm necessary to warrant emergency Court intervention.

Plaintiff has asserted an "economic emergency… would result from Labb shutting off the software then and currently being used by Fas-Tes and its franchisees." (Smith, John Decl. Doc. 8-1 ¶7.) These claims of an economic emergency are without factual foundation and are false. Labb has no intention or scheduled timeframe to shut down the software used by Fas-Tes and its franchisees. Attached hereto and incorporated herein is a Declaration from Jeff Konecke, President of Ramsey Diagnostics, Corp., d/b/a Labb, which explains Labb does not intend to imminently shut off the software and has not communicated such an intent to Fas-Tes or any of its franchisees. It would be a breach of the prevailing contract and expose Labb to damages that do not currently exist. Labb does not want to create damages for Plaintiff to pursue by turning off the software. Labb would only suspend a user's access to the software for matters such as violations of the terms of service or for non-payment more than 30 days past due. Since there is no imminent threat of Labb terminating access to the existing software, there is no need for the exceptional procedure of expedited proceedings seeking extraordinary relief.

**III. Expedited proceedings would prejudice Defendant and Deprive the Court of a fully developed record.**

Plaintiff strategically asked the Court to accelerate briefing and hearing schedules before Defendant could meaningfully draft its counterclaim or responsive pleadings. This is an anticipatory filing as will be shown in Defendant's counterclaim, not for preserving their claims. The purpose of the pending motion is to create prejudice for Laab. Such compression of the normal litigation process would prejudice Defendant and impair the Court's ability to evaluate disputed factual issues. The Federal Rules contemplate parties have adequate time to respond to motions and present evidence. See Fed. R. Civ. P. 6(c)(1); Fed. R. Civ. P. 65(a). The deadlines

for filing responsive pleadings and responses to motions already exist. Plaintiff has shown no compelling reason to depart from these procedures.

## CONCLUSION

Because Plaintiff failed to set forth a likelihood of success on the merits, irreparable harm, favorable equities, or that the requested relief serves the public interest, Plaintiff cannot satisfy any of the requirements for preliminary injunctive relief. The failure to satisfy even one of these independent requirements is fatal to Plaintiff's request; failing all four, Plaintiff's motion for expedited proceedings should be denied in its entirety. Defendant respectfully requests this Court enter an appropriate order denying the motion for expedited proceedings.

Submitted this 24th day of September 2026.

**RAMSEY DIAGNOSTICS CORP.**

By: /s/ David B. Oakley
Of Counsel

J. Bryan Plumlee, Esq., VSB No.: 44444
David B. Oakley, Esq., VSB No.: 72226
POOLE BROOKE PLUMLEE PC
4705 Columbus Street, Suite 100
Virginia Beach, VA 23462
Phone: 757-499-1841
Facsimile: 757-552-6016
bplumlee@pbp-attorneys.com
doakley@pbp-attorneys.com
*Attorney for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on the 24th day of September 2026, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system which will then send the document and a notification of such filing (NEF) to the following party via Electronic Mail:

Katie Lynn Raymond, Email:Katie@binnall.com
Jason Caldwell Greaves, Email:Jason@binnall.com

/s/ David B. Oakley
David B. Oakley, Esq., VSB No.: 72226
POOLE BROOKE PLUMLEE PC
4705 Columbus Street, Suite 100
Virginia Beach, VA 23462
Phone: 757-499-1841
Facsimile: 757-552-6016
doakley@pbp-attorneys.com