UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| **FAS-TES FRANCHISE SYSTEMS, LLC,**<br><br>*Plaintiff,*<br><br>v.<br><br>**RAMSEY DIAGNOSTICS CORP., d/b/a LABB,**<br><br>*Defendant.* | Case No. 2:26-cv-961-RBS |

## PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

Plaintiff, Fas-Tes Franchise Systems, LLC.'s ("Fas-Tes"), Motion for Temporary Restraining Order and Preliminary Injunction (the "Motion") requests the unextraordinary and narrow relief of ordering the Parties to maintain the status quo of their contractual relationship during the pendency of this litigation. In simplest terms, the Parties have multiple disputes as to their contractual obligations, alleged breaches of same, and potential calamities that may result from a disruption of this relationship that has existed for nearly four years. In its Memorandum of Opposition to the Motion, Defendant, Ramsey Diagnostics Corp., d/b/a Labb ("Labb"), largely and generally iterated and relied upon its arguments contained in its recently filed Motion to Dismiss[1] on grounds that the Complaint failed to satisfy pleading requirements as

[1] Fas-Tes is in the process of preparing a response to the Motion to Dismiss (Doc. 21) to address the arguments contained therein which are generally related to technical pleading requirements and not directly related to the Motion.

to the elements of the claims contained therein. In a telling manner, however, Labb's Memorandum in Opposition to the Motion contains the more responsive and meaningful statements that:

> Defendant has no intention or scheduled timeframe to shut down the software used by Plaintiff and its franchisees. Defendant does not intend to imminently shut off the software and has not communicated such an intent to Plaintiff or any of its franchisees. Doing so would be a breach of the prevailing contract and expose Defendant to damages that do not currently exist. Defendant does not want to create damages for Plaintiff to pursue by turning off the software. Defendant would only suspend a user's access to the software for matters such as violations of the terms of service or for non-payment more than 30 days past due.

Def.'s Mem. Opp'n to TRO, Doc. 20 at 23–24.

While the above statements by Labb do not in themselves concede the necessity of a temporary restraining order or preliminary injunction to protect Fas-Tes from irreparable harm from the threats and breaches outlined in the Motion, Labb is clearly seeking to "have its cake and eat it too." Namely, as demonstrated in the Motion and its exhibits, Labb has positioned itself to disrupt and dismantle the business relationship it has with Fas-Tes and Fas-Tes's relationships with its franchisees with extortion of shutting down the software unless payments are made for non-existent replacement software. At the same time, Labb promises this Court that it will not act on these threats, thus, negating the need for an order maintaining the status quo. Labb's promise is disingenuous and deflects from the reality of the facts and legal issues raised in the Motion.

As the Motion demonstrates, Fas-Tes seeks the narrow relief of entry of an order maintaining the status quo of the Parties during this litigation. Fas-Tes

presented record evidence that Labb breached the 2022 Agreement, interfered with Fas-Tes's relationship with its franchisees, and has engaged in a strategy of extortion that would irreparably harm Fas-Tes in a manner that is not only economic but also injures Fas-Tes's reputation, goodwill with its franchisees, and forestalls potential business opportunities. In addition, the Motion demonstrates that Labb's reliance upon the unenforceable Letter of Intent as a legal excuse for this strategy lacks merit. Accordingly, Fas-Tes has satisfied the requirements for entry of a temporary restraining order and preliminary injunction for the relief requested.

Labb's response, as noted above, consists mostly of a list of self-serving interpretations of various communications between the Parties and franchisees and argument borrowed from its recently filed Motion to Dismiss. First, it is undeniable that the Parties maintain competing arguments as to the merits of their respective claims that will be ultimately decided at trial. The existence of these disputes does not forestall entry of the requested relief in the Motion. Rather, the issue before the Court in this Motion concerns whether Fas-Tes has demonstrated a substantial likelihood of success on those merits. Fas-Tes incorporates and repeats herein its recitation of facts and legal argument to contend that such success has been demonstrated and Labb's response fails to rebut or refute the same.

Second, Labb's opposition concedes that maintenance of the status quo of the Parties' contractual relationship is warranted to avoid significant and difficult-to-ascertain damages for Fas-Tes and its franchisees. Labb's opposition memorandum does not distinguish or otherwise legally refute Fas-Tes's legal argument and case

law establishing its entitlement to the requested relief. Instead, Labb's memorandum provides generic legal principles that frame the issues without providing persuasive argument as to why Fas-Tes's Motion should not be granted.

Finally, Labb's reliance upon the 2022 Agreement's limitation of liability term and other cherry-picked references or interpretations of that Agreement or the Letter of Intent are inapposite. As set forth in the Motion, Fas-Tes claims that Labb's extra-contractual actions and extortion efforts have resulted in the predicament underlying this lawsuit. Labb cannot now seek refuge from the terms and conditions that it so blatantly ignored in its dealings with Fas-Tes.

**CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests a temporary restraining order and preliminary injunction.

Dated: October 8, 2026

Respectfully submitted,

*/s/ Jason C. Greaves*

Jason C. Greaves, VSB No. 86164
Katie L. Raymond, VSB No 101624
BINNALL LAW GROUP, PLLC
717 King Street
Alexandria, Virginia 22314
Phone: (703) 888-1943
Fax: (703) 888-1930
jason@binnall.com
katie@binnall.com

Robert M. Park (pro hac vice pending)
Chase C. Parsons (pro hac vice pending)
UHL, FITZSIMONS, BURTON, WOLFF &
RANGEL, PLLC
4040 Broadway, Suite 430
San Antonio, Texas 78209

Phone: (210) 829-1660
Fax: (210) 829-1641
rpark@uhlfitzsimons.com
cparsons@uhlfitzsimons.com

*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I certify that on October 8, 2026, a copy of the foregoing was filed with the Clerk of the Court using the Court's CM/ECF system, which will send a copy to all counsel of record.

*/s/ Jason C. Greaves*
Jason C. Greaves, VSB No. 86164

*Counsel for Plaintiff*