**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

**FAS-TES FRANCHISE SYSTEMS, LLC,**

*Plaintiff / Counter-Defendant,*

v.

**RAMSEY DIAGNOSTICS CORP., d/b/a LABB,**

*Defendant / Counter-Plaintiff.*

Case No. 2:26-cv-961-RBS-LRL

**PLAINTIFF / COUNTER-DEFENDANT FAS-TES FRANCHISE SYSTEMS, LLC'S REPLY TO DEFENDANT / COUNTER-PLAINTIFF'S COUNTERCLAIMS**

Jason C. Greaves, VSB No. 86164
Katie L. Raymond, VSB No 101624
BINNALL LAW GROUP, PLLC
717 King Street
Alexandria, Virginia 22314
Phone: (703) 888-1943
Fax: (703) 888-1930
jason@binnall.com
katie@binnall.com

Robert M. Park (pro hac vice pending)
Chase C. Parsons (pro hac vice pending)
UHL, FITZSIMONS, BURTON, WOLFF & RANGEL, PLLC
4040 Broadway, Suite 430
San Antonio, Texas 78209
Phone: (210) 829-1660
Fax: (210) 829-1641
rpark@uhlfitzsimons.com
cparsons@uhlfitzsimons.com

*Counsel for Fas-Tes Franchise Systems, LLC*

Plaintiff/Counter-Defendant Fas-Tes Franchise Systems, LLC ("Fas-Tes"), by counsel, and pursuant to Rule 12(a)(1)(B), respectfully submits its reply to Defendant/Counter-Plaintiff Ramsey Diagnostics Corp., d/b/a Labb's ("Labb") Counterclaims.

## Parties

1. Fas-Tes admits the allegations contained in Paragraph 1.

2. Fas-Tes admits the allegations contained in Paragraph 2.

## Jurisdiction and Venue

3. Paragraph 3 contains legal conclusions that do not require a response. To the extent that any response is deemed necessary, Fas-Tes does not contest that jurisdiction exists with this Court; however, Fas-Tes denies Labb is entitled to any relief whatsoever.

4. Paragraph 4 contains legal conclusions that do not require a response. To the extent that any response is deemed necessary, Fas-Tes does not contest that jurisdiction exists with this Court; however, Fas-Tes denies Labb is entitled to any relief whatsoever.

5. Paragraph 5 contains legal conclusions that do not require a response. To the extent that any response is deemed necessary, Fas-Tes does not contest that jurisdiction exists with this Court; however, Fas-Tes denies Labb is entitled to any relief whatsoever.

6. Paragraph 6 contains legal conclusions that do not require a response. To the extent that any response is deemed necessary, Fas-Tes does not contest that

jurisdiction exists with this Court; however, Fas-Tes denies Labb is entitled to any relief whatsoever.

**Facts**

7. Fas-Tes admits only that, on or about December 21, 2022, Fas-Tes and Labb entered into the Exclusive Supplier and Modified Software Development Agreement (the "Agreement"), a copy of which is attached to the Complaint (Dkt. No. 1-2). The Agreement speaks for itself, and Fas-Tes denies any characterization inconsistent with its terms.

8. The Agreement is a written document that speaks for itself, and Fas-Tes denies any characterization of the Agreement inconsistent with its terms. To the extent a further response is required, the allegations of Paragraph 8 are denied.

9. The Agreement is a written document that speaks for itself, and Fas-Tes denies any characterization of the Agreement inconsistent with its terms. To the extent a further response is required, the allegations of Paragraph 9 are denied.

10. The Agreement is a written document that speaks for itself, and Fas-Tes denies any characterization of the Agreement inconsistent with its terms. To the extent a further response is required, the allegations of Paragraph 10 are denied.

11. The Agreement is a written document that speaks for itself, and Fas-Tes denies any characterization of the Agreement inconsistent with its terms. Fas-Tes further avers that Labb has failed to deliver the Modified Software for which Fas-Tes's franchisees paid development fees, as alleged in the Complaint. To the extent a further response is required, the allegations of Paragraph 11 are denied.

12. The Agreement, including Exhibit B and Exhibit E, is a written document that speaks for itself, and Fas-Tes denies any characterization inconsistent with its terms. Fas-Tes avers that Labb was obligated to use development fees to develop, maintain, upgrade, and support the Modified Software and failed to do so. To the extent a further response is required, the allegations of Paragraph 12 are denied.

13. Fas-Tes admits only that, on or about July 6, 2026, the parties signed a document titled "Amendment No. 1 to the Exclusive Supplier and Modified Software Development Agreement," a copy of which is attached to the Complaint (Dkt. No. 1-3). Fas-Tes denies that the document is a valid and enforceable amendment for the reasons set forth in the Complaint and denies the remaining allegations of Paragraph 13.

14. The document referenced in Paragraph 14 speaks for itself, and Fas-Tes denies any characterization inconsistent with its terms. Fas-Tes denies that the document validly establishes any fees binding on Fas-Tes or its franchisees and denies the remaining allegations of Paragraph 14.

15. Fas-Tes denies the allegations contained in Paragraph 15 as stated. Paragraph 15 does not identify any franchisee, product, date, or transaction, and Fas-Tes therefore lacks knowledge or information sufficient to form a belief about the truth of the allegations and denies them.

16. Fas-Tes denies the allegations contained in Paragraph 16 as stated. Paragraph 16 does not identify any franchisee, laboratory, date, or transaction, and

Fas-Tes therefore lacks knowledge or information sufficient to form a belief about the truth of the allegations and denies them.

17. Fas-Tes denies the allegations contained in Paragraph 17.

18. Fas-Tes admits only that Labb, through counsel, sent a letter dated August 11, 2026, a copy of which is attached to the Counterclaim as Exhibit 1. The letter speaks for itself. Fas-Tes denies that the letter constitutes a valid notice of breach or request for cure under the Agreement, including because it failed to identify any offending franchisee or the specific exclusivity requirement allegedly violated, and denies the remaining allegations of Paragraph 18.

19. Fas-Tes lacks knowledge or information sufficient to form a belief about the manner in which Labb sent the August 11, 2026 letter and therefore denies those allegations. Fas-Tes denies that the letter satisfied Section 8(e) or any other provision of the Agreement and denies the remaining allegations of Paragraph 19.

20. Fas-Tes admits only that its counsel sent a letter dated August 18, 2026 acknowledging receipt of Labb's letter dated August 11, 2026, a copy of which is attached to the Counterclaim as Exhibit 2. That letter speaks for itself and expressly disputed Labb's claims of breach. Fas-Tes denies the remaining allegations of Paragraph 20.

21. Paragraph 21 states legal conclusions to which no response is required. To the extent a response is required, Fas-Tes denies that the August 11, 2026 letter triggered any cure period or cure obligation under the Agreement and denies the allegations of Paragraph 21.

22. Section 2(d) of the Agreement speaks for itself, and Fas-Tes denies any characterization inconsistent with its terms. Fas-Tes avers that any obligation under Section 2(d) arises only upon proper notice identifying an offending franchisee and the requirement allegedly violated, which Labb did not provide. Fas-Tes denies the remaining allegations of Paragraph 22.

23. The Agreement speaks for itself, and Fas-Tes denies any characterization inconsistent with its terms, including Labb's added emphasis. Fas-Tes denies that any liquidated damages are owed, denies that any such provision is enforceable as applied by Labb, and denies the remaining allegations of Paragraph 23.

24. Fas-Tes admits only that, on or about September 3, 2026, representatives of Fas-Tes and Labb met at the San Antonio, Texas office of Fas-Tes's counsel to discuss the parties' disputes. Fas-Tes denies that any "outstanding breaches" by Fas-Tes existed and denies the remaining allegations of Paragraph 24.

25. Fas-Tes admits only that its counsel stated that an audit was not warranted under the Agreement. Fas-Tes denies that it was in breach or had any obligation to cure and denies the remaining allegations of Paragraph 25.

26. Fas-Tes denies the allegations contained in Paragraph 26.

27. Fas-Tes denies the allegations contained in Paragraph 27.

28. Fas-Tes admits only that a POCT kit is a type of product. Fas-Tes lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 28 and therefore denies them. Fas-Tes specifically denies

the heading preceding Paragraph 28 and denies that Labb has been damaged in any amount.

29. The Agreement speaks for itself, and Fas-Tes denies any characterization inconsistent with its terms. Fas-Tes lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 29 and therefore denies them.

30. Section 8(k) of the Agreement speaks for itself, and Fas-Tes denies any characterization inconsistent with its terms. To the extent a further response is required, the allegations of Paragraph 30 are denied.

31. Fas-Tes lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 31, which concern Labb's internal data, and therefore denies them.

32. Fas-Tes lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 32, which concern Labb's internal records, and therefore denies them.

33. Section 1(a)(2) of the Agreement speaks for itself, and Fas-Tes denies any characterization inconsistent with its terms. To the extent a further response is required, the allegations of Paragraph 33 are denied.

34. Fas-Tes lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 34, which concern Labb's internal databases, and therefore denies them.

35. Fas-Tes denies the allegations contained in Paragraph 35.

36. Fas-Tes admits only that Exhibit 3 to the Counterclaim purports to be a July 15, 2026, email from a Labb employee reporting Labb's figures for two Nevada sites. The document speaks for itself. Fas-Tes lacks knowledge or information sufficient to form a belief about the accuracy of the figures, which were generated by Labb, and therefore denies the remaining allegations of Paragraph 36.

37. Fas-Tes denies the allegations contained in Paragraph 37.

38. Fas-Tes lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 38 and therefore denies them.

39. Fas-Tes lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 39 and therefore denies them.

40. Fas-Tes lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 40 and therefore denies them.

41. Fas-Tes lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 41 and therefore denies them.

42. Fas-Tes lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 42 and therefore denies them.

43. Fas-Tes lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 43, including Labb's unexplained "adjust[ments]" made "upon information and belief," and therefore denies them.

44. Admitted.

45. Denied as phrased. Admitted only that for a sub-set of POCT tests, done for Fas-Tes Labs to Fas-Tes Labs offices for customers that are satisfied with that limited ability, this is the procedure.

46. Denied as phrased. Admitted only that for a limited sub-set of POCT tests, done for Fas-Tes Labs to Fas-Tes Labs offices for customers that are satisfied with that limited ability, this is the procedure.

47. Denied as phrased. Admitted only that for a limited sub-set of POCT tests, done for Fas-Tes Labs to Fas-Tes Labs offices for customers that are satisfied with that limited ability, this is the procedure.

48. Denied as phrased. Admitted only that outside kits are not compatible with the Labb testing station.

49. Fas-Tes denies the allegations contained in Paragraph 49 as stated. Fas-Tes avers that the direct read function has legitimate uses, including remote and onsite testing, unrelated to any use of non-Labb products, as Labb itself has acknowledged.

50. Denied as phrased. Admitted that third-party POCT test kits are manually entered into the Fusion software.

51. Fas-Tes admits only that Labb's POCT kit prices have varied. Fas-Tes denies the remaining allegations of Paragraph 51 as stated.

52. Admitted.

53. Admitted.

54. Admitted.

55. Admitted.

56. Admitted.

57. Admitted.

58. Fas-Tes denies the allegations contained in Paragraph 58. Fas-Tes further states that Exhibit 4 to the Counterclaim speaks for itself and reflects, among other things, franchisee complaints regarding Labb's price increases.

59. Admitted.

60. Fas-Tes lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 60, which concern Labb's internal revenue, and therefore denies them.

61. Fas-Tes lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 61 and therefore denies them.

62. Fas-Tes lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 62 and therefore denies them.

63. Fas-Tes lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 63 and therefore denies them. Fas-Tes further avers that franchisees, not Fas-Tes, purchase products from Labb.

64. Fas-Tes lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 64 and therefore denies them.

65. Admitted.

66. Admitted in part and denied in part. Fas-Tes admits only that Labb has contracted with Quest and averhealth as off-site laboratories. Fas-Tes denies the

allegations of Paragraph 66 as phrased with respect to Omega. Fas-Tes further denies Labb's characterization of any laboratory as "authorized."

67. Section 1(b) of the Agreement speaks for itself, and Fas-Tes denies any characterization inconsistent with its terms. Fas-Tes denies that Labb was capable of providing the laboratory testing services contemplated by the Agreement as of December 21, 2023, and denies the remaining allegations of Paragraph 67.

68. Exhibit 5 to the Counterclaim is a document that speaks for itself and Fas-Tes denies Defendant's characterizations and remaining allegations of Paragraph 68.

69. Fas-Tes lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 69 and therefore denies them.

70. Fas-Tes denies the allegations contained in Paragraph 70.

71. Fas-Tes denies the allegations contained in Paragraph 71.

72. Fas-Tes lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 72 and therefore denies them.

73. Fas-Tes denies the allegations contained in Paragraph 73. Fas-Tes further avers that Labb agreed to resolve and remove any laboratory-related issues through the parties' July 2026 negotiations.

74. Fas-Tes lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 74 and therefore denies them.

75. Fas-Tes denies the allegations contained in Paragraph 75.

76. Fas-Tes denies the allegations contained in Paragraph 76.

77. Fas-Tes lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 77 and therefore denies them.

78. Fas-Tes denies the allegations contained in Paragraph 78.

79. Fas-Tes denies the allegations contained in Paragraph 79.

80. Fas-Tes denies the allegations contained in Paragraph 80.

81. Fas-Tes admits only that it received Labb's letter dated August 11, 2026, on or about August 18, 2026. Fas-Tes denies that the letter provided adequate notice of any exclusivity breach under the Agreement, denies the heading preceding Paragraph 81, and denies the remaining allegations of Paragraph 81.

82. Paragraph 82 states legal conclusions to which no response is required. To the extent a response is required, the allegations of Paragraph 82 are denied.

83. Section 2(d) of the Agreement speaks for itself, and Fas-Tes denies any characterization inconsistent with its terms. Fas-Tes denies that any audit obligation was triggered and denies the remaining allegations of Paragraph 83.

84. Admitted that Exhibit C to Fas-Tes's Franchise Disclosure Document is the form Franchise Agreement. Fas-Tes denies that the Franchise Agreement is relevant to Labb's claims or that Labb is a party to or third-party beneficiary of any Franchise Agreement.

85. The Franchise Agreement speaks for itself, and Fas-Tes denies any characterization inconsistent with its terms. Fas-Tes denies that Labb has any rights under any Franchise Agreement.

86. The Franchise Agreement speaks for itself, and Fas-Tes denies any characterization inconsistent with its terms. Fas-Tes denies that Labb has any rights under any Franchise Agreement.

87. The Franchise Agreement speaks for itself, and Fas-Tes denies any characterization inconsistent with its terms. Fas-Tes denies that its rights as franchisor under the Franchise Agreement create any obligation to Labb.

88. The Franchise Agreement speaks for itself, and Fas-Tes denies any characterization inconsistent with its terms. Fas-Tes denies that its rights as franchisor under the Franchise Agreement create any obligation to Labb.

89. Fas-Tes denies the allegations contained in Paragraph 89.

90. Fas-Tes admits only that it has not conducted the audit Labb demands. Fas-Tes denies that it had any obligation to do so and denies that it has breached the Agreement.

91. Fas-Tes lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 91, which concern Labb's internal support records, and therefore denies them. Fas-Tes denies the heading preceding Paragraph 91.

92. Fas-Tes denies the allegations contained in Paragraph 92.

93. Fas-Tes lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 93 and therefore denies them.

94. Fas-Tes denies the allegations contained in Paragraph 94. Fas-Tes also denies the heading preceding Paragraph 94.

95. Fas-Tes admits only that a memorandum dated July 13, 2026, was jointly issued by Fas-Tes's President and CEO and Labb's President to franchisees, a copy of which is attached to the Counterclaim as Exhibit 6. The memorandum speaks for itself. Fas-Tes denies that the memorandum constitutes an admission by Fas-Tes of any breach of the Agreement and denies the remaining allegations of Paragraph 95.

96. Fas-Tes denies the allegations contained in Paragraph 96.

97. Fas-Tes denies the allegations contained in Paragraph 97 and any characterizations of Exhibit 7.

**<u>COUNT I: Specific Performance of Counterclaim Defendant to Conduct Contractually</u>**

**<u>Obligated Audit</u>**

98. Paragraph 98 contains an incorporation clause to which no response is required. To the extent any response is required, the allegations are denied.

99. Section 2(d) of the Agreement speaks for itself, and Fas-Tes denies any characterization inconsistent with its terms. To the extent a further response is required, the allegations of Paragraph 99 are denied.

100. Section 2(d) of the Agreement speaks for itself, and Fas-Tes denies any characterization inconsistent with its terms. Fas-Tes denies that any audit obligation was triggered and denies the remaining allegations of Paragraph 100.

101. Fas-Tes admits only that it received Labb's letter dated August 11, 2026, on or about August 18, 2026. Fas-Tes denies that the letter provided notice of any

breach of exclusivity sufficient under the Agreement and denies the remaining allegations of Paragraph 101.

102. Paragraph 102 states legal conclusions to which no response is required. To the extent a response is required, the allegations of Paragraph 102 are denied.

103. Fas-Tes admits that more than thirty days have passed since August 18, 2026. Fas-Tes denies that the passage of time has any legal significance under the Agreement and denies the remaining allegations of Paragraph 103.

104. Fas-Tes admits only that it has not conducted the audit Labb demands. Fas-Tes denies that any such audit is contractually obligated and denies the remaining allegations of Paragraph 104.

105. Fas-Tes denies the allegations contained in Paragraph 105.

106. Paragraph 106 is a prayer for relief to which no response is required. To the extent a response is required, Fas-Tes denies that Labb is entitled to specific performance or any other relief.

**COUNT II: Preliminary and Permanent Injunction of Counterclaim Defendant to Cease**

**Directions to Franchisees to Violate the Agreement**

107. Paragraph 107 contains an incorporation clause to which no response is required. To the extent any response is required, the allegations are denied.

108. Fas-Tes denies the allegations contained in Paragraph 108.

109. Fas-Tes denies the allegations contained in Paragraph 109.

110. Paragraph 110 is a prayer for relief to which no response is required. To the extent a response is required, Fas-Tes denies that Labb is entitled to injunctive or any other relief.

**COUNT III: Breach of Contract – Violation of Exclusivity Covenant**

111. Paragraph 111 contains an incorporation clause to which no response is required. To the extent any response is required, the allegations are denied.

112. Fas-Tes denies the allegations contained in Paragraph 112.

113. The Agreement speaks for itself, and Fas-Tes denies any characterization inconsistent with its terms. Fas-Tes denies the remaining allegations of Paragraph 113.

114. The Agreement speaks for itself, and Fas-Tes denies any characterization inconsistent with its terms. Fas-Tes denies that any cure period was triggered and denies the remaining allegations of Paragraph 114.

115. Fas-Tes denies the allegations contained in Paragraph 115.

116. Fas-Tes denies the allegations contained in Paragraph 116.

117. Paragraph 117 is a prayer for relief to which no response is required. To the extent a response is required, Fas-Tes denies that Labb is entitled to $4,307,648.67, any other amount, or any relief.

**COUNT IV: Breach of Contract – Instigating Litigation**

118. Paragraph 118 contains an incorporation clause to which no response is required. To the extent any response is required, the allegations are denied.

119. Section 8(f) of the Agreement speaks for itself, and Fas-Tes denies any characterization inconsistent with its terms. Fas-Tes denies that it is a defaulting party and denies the remaining allegations of Paragraph 119.

120. Section 8(f) of the Agreement speaks for itself, and Fas-Tes denies any characterization inconsistent with its terms. Fas-Tes avers that it, not Labb, will be the prevailing party, and denies the remaining allegations of Paragraph 120.

121. Fas-Tes admits that it filed a Complaint, a Motion for a Temporary Restraining Order and Preliminary Injunction, and a Motion for an Expedited Hearing in this action. Fas-Tes denies that these filings constitute a breach of the Agreement or give rise to any claim.

122. Fas-Tes denies the allegations contained in Paragraph 122 as stated. Fas-Tes denies that Labb is entitled to recover any litigation expenses.

123. Fas-Tes denies the allegations contained in Paragraph 123.

124. Fas-Tes denies the allegations contained in Paragraph 124.

125. Fas-Tes denies the allegations contained in Paragraph 125.

126. Paragraph 126 is a prayer for relief to which no response is required. To the extent a response is required, Fas-Tes denies that Labb is entitled to attorney fees or any other relief. Fas-Tes further denies that Labb is entitled to any of the relief requested in its Prayer for Relief, including subparagraphs 1 through 5. Any allegation of the Counterclaim not expressly admitted herein is denied.

## AFFIRMATIVE DEFENSES

1. The Counterclaim fails to state a claim upon which relief can be granted.

2. Labb's claims are barred, in whole or in part, by Labb's own prior material breaches of the Agreement, including its failure to develop and deliver the Modified Software for which development fees were paid, as alleged in the Complaint.

3. Labb's claims are barred by its failure to satisfy conditions precedent under the Agreement, including Section 2(d) and the notice requirements of Section 8(e), because Labb failed to identify any offending franchisee or the specific exclusivity requirement allegedly violated.

4. Labb's claims are barred or limited by the express terms of the Agreement, including any limitation-of-remedies and limitation-of-liability provisions.

5. Labb's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, and acquiescence, including because Labb knew of and accepted franchisees' use of outside laboratories pending Labb's development of required capabilities, agreed to remove laboratory-related issues from dispute, and offered amnesty to franchisees for past alleged POCT violations.

a. To the extent the Amendment is found enforceable, Labb's claims relating to laboratory testing are barred by release, accord and satisfaction, and novation.

b. Labb's claim for liquidated damages is barred because the provision, as Labb seeks to apply it, is an unenforceable penalty and bears no reasonable relationship to any actual loss.

c. Labb's claims for specific performance and injunctive relief fail because they are remedies rather than independent causes of action, Labb has an adequate remedy at law, and Labb cannot show irreparable harm.

d. Count IV fails because the filing and prosecution of a lawsuit to enforce contractual rights is not a breach of the Agreement, and such conduct is privileged and protected by the right to petition.

6. Labb's claims are barred, in whole or in part, by the doctrine of unclean hands.

7. Labb failed to mitigate its alleged damages.

8. Labb's alleged damages are speculative, are based on unsupported extrapolation and information and belief, and are not recoverable.

9. Fas-Tes reserves the right to assert additional defenses as they become known through discovery.

WHEREFORE, Plaintiff/Counter-Defendant Fas-Tes respectfully requests that this Court dismiss the Counterclaim with prejudice, and for any other and further relief as the Court deems appropriate.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff/Counter-Defendant Fas-Tes respectfully asks this Court for the following relief:

1. dismissal of the Counterclaim with prejudice and entry of judgment in favor of Fas-Tes on all counts of the Counterclaim;

2. denial of all relief requested by Labb, including specific performance, injunctive relief, damages, and attorney fees;

3. an award of Fas-Tes's reasonable attorney fees, costs, and expenses pursuant to Section 8(f) of the Agreement; and

4. any other and further relief as the Court deems appropriate.

Dated: October 26, 2026

Respectfully submitted,

*/s/ Jason C. Greaves*
Jason C. Greaves, VSB No. 86164
Katie L. Raymond, VSB No 101624
BINNALL LAW GROUP, PLLC
717 King Street
Alexandria, Virginia 22314
Phone: (703) 888-1943
Fax: (703) 888-1930
jason@binnall.com
katie@binnall.com

Robert M. Park (pro hac vice pending)
Chase C. Parsons (pro hac vice pending)
UHL, FITZSIMONS, BURTON, WOLFF & RANGEL, PLLC
4040 Broadway, Suite 430
San Antonio, Texas 78209
Phone: (210) 829-1660
Fax: (210) 829-1641
rpark@uhlfitzsimons.com
cparsons@uhlfitzsimons.com

*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I certify that on October 26, 2026, a copy of the foregoing was filed with the Clerk of the Court using the Court's CM/ECF system, which will send a copy to all counsel of record.

*/s/ Jason C. Greaves*
Jason C. Greaves, VSB No. 86164

*Counsel for Plaintiff*